# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | NO. 2:10-cr-00002 |
| | ) | 2:15-cv-442 |
| RICKEY SCOTT, JR. | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Joint Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2255, filed by Petitioner, Rickey Scott, on December 7, 2015 (DE #71).

On May 24, 2010, Scott pled guilty to Count 1, possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (DE #19.) On September 16, 2010, this Court granted Scott's motion to withdraw his guilty plea and plea agreement, and allowed Scott to plead guilty in the blind (thereby preserving his right to appeal). (DE #35.)

At the sentencing hearing held before this Court on September 16, 2010, and over Defendant's objection, the Court determined that Scott had three prior violent felony convictions that qualified him for the enhanced penalties of the Armed Career Criminal Act, 18 U.S.C. § 924(e). (DE #35.) Therefore, the Court sentenced Scott to 180 months imprisonment and 4 years of supervised release.

Scott's qualifying convictions included the following: an Indiana intimidation conviction and two Indiana convictions for criminal recklessness. (PSR 44, 48; *see also* Gov't. Sentencing Mem., DE #26.) The parties agree that the Court found the two Indiana convictions for criminal recklessness convictions were violent felonies under the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). The parties also agree that if Scott had not qualified as an Armed Career Criminal, his statutory maximum term of imprisonment would have been 120 months pursuant to 18 U.S.C. § 924(a)(2).

Scott filed a motion to vacate under section 2255, which was denied by this Court on June 24, 2013. (DE # 63.) Scott then filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. The Seventh Circuit ruled that because *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule of constitutional law, it has retroactive application. (DE #70 (citing *Price v. United States*, 795 F.3d 731 (7th Cir. 2015)). Therefore, the Seventh Circuit granted Scott's application for a successive petition and authorized this Court to consider his claim. (DE #70.)

The Supreme Court of the United States recently analyzed whether the residual clause of the Armed Career Criminal Act is void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551

2

(2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the Armed Career Criminal Act was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563.

The Armed Career Criminal Act applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Here, Scott had one Indiana intimidation conviction, and two Indiana convictions for criminal recklessness. At the time Scott was originally sentenced, the parties agree that the two Indiana convictions for criminal recklessness constituted violent felonies under the residual clause of the Armed Career Criminal Act. 18 U.S.C. § 924(e)(2)(B)(ii). However, *Johnson* struck that clause, so the convictions no longer

constitute violent felonies.  135 S. Ct. 2563.

Therefore, the Court **GRANTS** the Joint Petition for Habeas Corpus Pursuant to 28 U.S.C. Section 2255 (DE #71).  The Court further **GRANTS** Scott's request for re-sentencing, and **ORDERS** the **United States Probation Office to prepare an addendum by February 26, 2016.**  The re-sentencing hearing shall be set by separate order by the Court.


**DATED:   January 27, 2016**          /s/ RUDY LOZANO, Judge
                                       **United States District Court**